# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLYN BECKER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ASTRUE, Commissioner | : | |
| of Social Security Administration, | : | |
| Defendant. | : | NO. 08-1873 |

## ORDER

AND NOW, this 22nd day of March, 2010, after careful review of the Supplemental Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Doc. No. 18), Ms. Becker's Objections thereto (Doc. No. 19), and the certified administrative record of evidence, it is ORDERED that:

1. The Supplemental Report and Recommendation (Doc. No. 18) is APPROVED AND ADOPTED.[1]

---

[1] In Magistrate Judge Caracappa's original Report and Recommendation ("R&R"), she recommended that Ms. Becker's request for review be denied. The Court approved in part and rejected in part this R&R, referring the matter back to Judge Caracappa for further review to consider the assessments and conclusions of Ms. Becker's long-time treating orthopaedic surgeon, Randall Smith, regarding Ms. Becker's functional limitations.

Judge Caracappa has now issued a Supplemental Report and Recommendation, again recommending that Ms. Becker's request for review be denied. Ms. Becker objects to the Supplemental R&R on the grounds that (1) Judge Caracappa improperly supplied her own reasons for limiting the weight afforded to Dr. Smith's functional assessment; and that (2) Judge Caracappa's conclusion that the ALJ did not err in assigning limited weight to Dr. Smith's functional assessment violates legal authority holding that even where medication controls a disorder, it does not follow that a patient can work. Because Ms. Becker filed Objections to the R&R, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c).

After an independent and thorough review of Ms. Becker's administrative record, Ms.

2. Plaintiff's Objections (Doc. No. 19) are OVERRULED.

3. The Clerk of Court is instructed to mark this case CLOSED for all purposes, including statistics.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

Becker's arguments in her Request for Review and other supporting papers, and her Objections to the Supplemental R&R, the Court holds that, in addition to evidence of Ms. Becker's positive response to treatment and medications, there is other evidence in the record that was considered by the ALJ supporting the decision to give limited weight to Dr. Smith's functional assessment, which indicated that Ms. Becker could not work. For example, the ALJ noted that Dr. Smith's treatment notes indicate that Ms. Becker's physical examination was unchanged, that she had no progressive neurological abnormalities, and that she was alert and oriented. (See Tr. 18.)

Further, there is evidence in the record calling into question Dr. Smith's functional assessment that was not explicitly mentioned in the ALJ's decision, such as his advice to Ms. Becker in progress notes dated June 24, 2005, months after the claimed disability, to find a "sit down type job." (Tr. 125.) In these progress notes, Dr. Smith also indicated that Ms. Becker was "very active, working, caring for her 6 year old child." (Tr. 125.) Although this evidence was not explicitly discussed in the opinion, the ALJ indicated that her decision regarding Ms. Becker's residual functioning capacity was made in consideration of all medical evidence in the record. (Tr. 18.) There is no requirement that the ALJ supply a comprehensive explanation for the rejection of evidence or discuss every tidbit of evidence in the record. See Cotter v. Harris, 650 F.2d 481, 482 (3d Cir. 1981) ("[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice."); Harris v. Astrue, No. 08-3746, 2009 WL 2342112, at *5 (E.D. Pa. July 27, 2009) ("An ALJ need not explicitly reference every piece of evidence and testimony submitted.").

On this record, it cannot be said that the ALJ improperly limited the weight afforded to Dr. Smith's functional assessment solely because of the positive treatment notes and failed to consider the other evidence of inconsistencies between Dr. Smith's functional assessment and his treatment notes. While Judge Caracappa was not entitled to weigh the evidence herself, and though it may seem like she does in certain places, her Supplemental R&R nonetheless makes clear that the ALJ's decision was supported by substantial evidence. Therefore, Ms. Becker's Objections are overruled, the Supplemental R&R is approved and adopted, and Ms. Becker's Request for Review is denied.